UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 20-CR-290-RBW** |
| | : | |
| v. | : | |
| | : | |
| **ANGELITA AIPOALANI,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

Defendant Angelita Aipoalani is scheduled to be sentenced on June 30, 2021 for conspiring with her husband, Hanalei Aipoalani to embezzle $75,000 from AmeriCorps by fraudulently registering herself as an AmeriCorps member to steal living stipends and education awards from AmeriCorps. Hanalei Aipoalani stole more than $532,000 from AmeriCorps by fraudulently enrolling members – including the Defendant, Angelita Aipoalani – and diverting stipends issued in their names into bank accounts that he controlled while serving as the HR Director of a Hawaiian non-profit. The Defendant pleaded guilty on April 1, 2021 to one count of conspiracy to commit federal program embezzlement. Hanalei Aipoalani ("Hanalei") pleaded guilty on March 26, 2021 to one count of federal programs embezzlement and one count of federal programs bribery and is also set to be scheduled on June 30, 2021.

By plea agreement, the parties agreed that the applicable offense level is 10, resulting in a guidelines range of 6 to 12 months' imprisonment. The PSR agreement concurs. The government agreed that should the Court impose a sentence within the Estimated Guidelines Range, the government would not oppose a request by the Defendant to have a sentence of probation imposed with home confinement as provided under U.S.S.G. §§ 5B1.1(a)(2) and 5C1.1(c)(3) & (e)(3). *See* Plea Agreement ¶ 6.

I.      **The Defendant's Fraud**

   a.   **The Conspiracy to Steal $69,000 from AmeriCorps**

AmeriCorps is a federally funded network of national service programs that are intended to address critical community needs including increasing academic achievement, mentoring youth, fighting poverty, sustaining national parks, preparing for disasters, and more. It is the nation's largest grant maker and the service provided by AmeriCorps' members is critically important to vulnerable communities across the nation. AmeriCorps' national service members commit to service for a set period of time, usually a year, in exchange for a living allowance, funding to be used for college tuition, and other benefits. Full-time members who serve at least 1,700 hours per year will receive approximately $12,5000 per annual term of service. An AmeriCorps member who completes their service term is also eligible for an education award to be paid directly from AmeriCorps to the school or lender. In order to qualify for the education award, the certified AmeriCorps site has to certify that the member completed the required service.

Non-Profit 1 was a certified site location for AmeriCorps funding and it received AmeriCorps funding through the Hawaii Commission on a cost-reimbursement basis to pay stipends to the enrolled AmeriCorps members. From December 2014 through June 2019, Non-Profit 1 received approximately $935,000 in AmeriCorps funds. More than half of this funding was based on fraudulent submissions for reimbursement made by Hanalei, which he then siphoned into bank accounts for his own benefit.

Hanalei served as Non-Profit 1's Human Resources Director from 2010 through May 2019. In 2013, Hanalei was officially debarred from any involvement in a federal grant program after being caught attempting to divert federal grant funds from a different grantee to his own personal

bank account. The debarment was for a three-year period from April 2013 to April 2016. Nonetheless, starting in November 2014, Hanalei was responsible for administering Non-Profit 1's AmeriCorps program. In that capacity, Hanalei was responsible for tracking and reporting AmeriCorps member enrollment in order to seek reimbursement from the Hawaii Commission. Hanalei was also responsible for certifying when members qualified for an education grant. Hanalei never informed Non-Profit 1 that he had been debarred from involvement in a federal grant program.

From December 2014 to June 2019, Hanalei embezzled more than $527,000 in AmeriCorps funds by submitting fraudulent claims for reimbursement to the Hawaii Commission, and by using his access as the HR Director of Non-Profit 1 to divert the stolen funds into bank accounts that he control or benefit from. Hanalei did this, in part, by conspiring with the Defendant, his wife, Angelita Aipoalani, to fraudulently enroll the Defendant as an AmeriCorps member when she did not, in fact, provide the requisite AmeriCorps service. They accomplished their fraud in the following way.

First, Hanalei and the Defendant agreed to fraudulently enroll the Defendant as an AmeriCorps member. To accomplish this, the Defendant signed and submitted member agreements where she falsely claimed that she would perform a certain amount of AmeriCorps service. The Defendant fraudulently enrolled as an AmeriCorps member for term years 2015-2016, 2016-2017, and 2017-2018, despite the fact that the Defendant held full-time employment elsewhere. After the Defendant was fraudulently enrolled as a member, Hanalei created fraudulent invoices from a second non-profit, Non-Profit 2, which falsely claimed that Non-Profit 2 was entitled to reimbursement of more than $97,000 for AmeriCorps Stipends allegedly paid by Non-

3

Profit 2 to Angelita Aipoalani and an additional Non-Profit 2 employee. Using his authority at Non-Profit 1, the Hanalei caused these fraudulent invoices to be paid, and the Defendant and Hanalei then caused more than $69,000 to be deposited into a bank account held jointly in their names. In order to execute this fraud, the Defendant conspired with Hanalei to have Hanalei use his position as a senior advisor at Non-Profit 2 to add the Defendant to Non-Profit 2's payroll system in order to receive payment for the supposed AmeriCorps work – for which Non-Profit 2 sought reimbursement from Non-Profit 1 – which was never performed.

In addition to more than $69,000 of AmeriCorps money fraudulently received based on the Defendant's fraudulent registration as an AmeriCorps member, the Defendant and Hanalei applied for $11,505 in AmeriCorps education awards for the Defendant. To support those applications, Hanalei falsely certified to AmeriCorps that Defendant had served at least 1,700 hours as an AmeriCorps member, which both the Defendant and Hanalei full well knew she had not. Based on their false certification, AmeriCorps approved an education award in November 2016 for $5,730 – which was paid directly to Angelita Aipoalani's student loan lender – and a second award in November 2017 for $5,775, which was not paid.

    b. **Disposition of Proceeds**

The FBI traced the fraudulent proceeds of from the Aipoalanis AmeriCorps fraud scheme. The disposition of the approximately $429,000 embezzled by Hanalei Aipoalani through Non-Profit 1 is described in detail in the sentencing memorandum for Hanalei Aipoalani. From those funds, the Aipoalanis withdrew $75,000 of the proceeds in cash, and their subsequent use is unknown. The remainder was spent on the Aipoalanis' lifestyle, including more than $117,000 on dining and entertainment, $56,000 on travel and hotel expenses, and more than $87,000 on retail

including more than $3,534 at Kay Jewelers, $1,700 at Sephora, $1,300 at nail salons, $1,400 at Victoria's Secret, $3,600 to Massage Envy, and 87 separate trips to Old Navy totaling more than $9,400.

The FBI also traced the specific proceeds of Angelita Aipoalani's fraud scheme with Hanalei through Non-Profit 2 and identified 82 cash withdrawals totaling $27,764.20, 352 transactions totaling $10,959.83 for dining and entertainment and, 37 transactions totaling $9,922.03 in hotel expenses.

Hanalei Aipoalani flaunted their joint lifestyle on social media. The following was obtained from the Hanalei's public Instagram account @drhanz79:



*Ferrari rented for the Hanalei's birthday (January 2019)*



*Hanalei's 40th birthday at the Ko'Olina Beach Resort (January 2019)*



*The Defendant pictured flying First Class from Hawaii to San Francisco (Summer 2018)*



*Family vacation to Disney's Aulani resort (July 2018)*



*Trip to New York City and $395 dinner at Ben and Jack's Steakhouse (December 2017)*



*Vacation to Universal Studios (2015)*



*Vacation to Las Vegas (2015)*

The Aipoalanis enjoyed a luxury lifestyle funded by fraud on the AmeriCorps program. While AmeriCorps members subsisted on annual living allowances of approximately $12,500, the Defendant and her husband were enjoying a lavish lifestyle at the expense of Hawaii's most

vulnerable citizens who were not receiving the services or support that the AmeriCorps program was intended to fund.

## II.     Sentencing Guidelines

Under the U.S. Sentencing Guidelines, the Defendant's total offense level is 10. The base offense level for conspiracy to embezzle from a federal program charged under 18 U.S.C. § 371 is 6 pursuant to U.S.S.G. §2B1.1(a)(2). *See* PSR ¶ 43. Because the intended loss amount was between $40,000 and $95,000, there is a six-level increase pursuant to U.S.S.G. § 2B1.1(b)(D). *See* PSR ¶ 44. A two-level reduction, pursuant to U.S.S.G. § 3E1.1 is warranted because the Defendant demonstrated responsibility by pleading guilty pre-Indictment. *See* PSR ¶ 50. The total offense level is 10. *See* PSR ¶ 51. The Defendant has zero criminal history points, placing her in Criminal History Category I. *See* PSR ¶ 54. Accordingly, with a total offense level of 10 and a Criminal History Category I, the advisory Guidelines range is 6 to 12 months' imprisonment. *See* PSR ¶ 97.

Because the applicable Guidelines range is in Zone B, the minimum term may be satisfied by (1) a sentence of imprisonment; (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. §5C1.1(e), provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in U.S.S.G. §5C1.1(e). *See* U.S.S.G. §5C1.1(c).

## III.    The 18 U.S.C. § 3553(a) Factors

The Court must impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford

9

adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational treatment. 18 U.S.C. § 3553(a)(2). The Court also must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range under the guidelines, any relevant policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to the victims. 18 U.S.C. § 3553(a)(1)-(7).

### A. The Nature and Circumstances of the Offense and the Need for the Sentence to Reflect the Seriousness of the Offense

The Defendant's conduct was serious. While employed full-time, she knowingly signed false documentation claiming to enroll as an AmeriCorps member, knowing full well that she would not be providing the required AmeriCorps service. By doing so, she deprived vulnerable Hawaiians of services that would be provided by actual AmeriCorps members and also deprived a genuine volunteer from the opportunity to serve as an AmeriCorps member. Her conduct was motivated by greed as shown by the FBI's tracing of the fraud proceeds which demonstrates that they lived a luxurious lifestyle at the expense of AmeriCorps and the people of Hawaii.

### B. The Need to Promote Respect for the Law and to Deter the Defendant and Others from This Type of Criminal Conduct

AmeriCorps funds are distributed through a de-centralized process that relies upon the grantees and the subgrantees to honestly account for the service of AmeriCorps members. The organization relies largely on truthful accounting by grantees and sub-grantees as to the service provided by AmeriCorps members. In order to safeguard this critical program, designed to help vulnerable communities across the country, conduct such as this must be effectively deterred.

### C.     The History and Circumstances of the Defendant

The Defendant reported that during childhood her family lived a comfortable life and that she never saw her family struggle. The defendant has no criminal history. Many members of her family and the community have filed letters of support as part of her sentencing allocution. This crime appears to be an aberration from an otherwise law-abiding life, which was motivated by greed and a desire to live a luxury lifestyle.

### D.     Unwarranted Sentencing Disparities

The District of Columbia Circuit has recognized that there will "inevitably . . . [be] sentencing disparities and inequities that can be explained by little more than the identities of the sentencing judges." *United States v. Gardellini*, 545 F.3d 1089, 1096 (D.C. Cir. 2008); *see also United States v. Saez*, 444 F.3d 15, 19 (1st Cir. 2006) ("[W]ith different judges sentencing two defendants quite differently, there is no more reason to think that the first one was right than the second."). The Guidelines "reduce unwarranted federal sentencing disparities," *Freeman v. United States*, 564 U.S. 522, 525 (2011), by "creat[ing] a comprehensive sentencing scheme in which those who commit crimes of similar severity under similar conditions receive similar sentences." *Id.* at 533. A sentencing court "necessarily g[ives] significant weight and consideration to the need to avoid unwarranted disparities" by "correctly calculat[ing] and carefully review[ing] the Guidelines range." *Gall v. United States*, 552 U.S. 38, 54 (2007). "[I]mposing a within-guidelines sentence is the surest way to avoid unwarranted disparities." *United States v. White*, 737 F.3d 1121, 1145 (7th Cir. 2013).

### E.     Restitution to AmeriCorps

Restitution is mandatory under 18 U.S.C. § 3663A. The Defendant's conduct caused a loss

of $74,730 to AmeriCorps – comprised of the $69,000 paid by Non-Profit 2 to the Defendant and the $5,730 educational award paid to the Defendant's lender. The Court should order the Defendant to pay $74,730 in restitution to AmeriCorps, owed jointly and severally with Hanalei Aipoalani, 20-cr-286-RBW.

## CONCLUSION

The government respectfully requests this Court impose a Guidelines sentence in this matter. Pursuant to the plea agreement between the parties, the government does not oppose a request by the Defendant to have a sentence of probation imposed with home confinement as provided under U.S.S.G. §§ 5B1.1(a)(2) and 5C1.1(c)(3) & (e)(3).

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
for the District of Columbia
D.C. Bar No. 415793

By: *Leslie A. Goemaat*

LESLIE A. GOEMAAT
MA Bar No. 676695
Assistant United States Attorney
Fraud Section
U.S. Attorney's Office
555 4th Street, N.W., Room 5840
Washington, D.C.   20530
Office: 202-803-1608
Leslie.Goemaat@usdoj.gov